IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3035 |
| vs. | ORDER |
| JAVIER REYNA, | |
| Defendant. | |

This matter is before the Court on the defendant's "Motion to Reduce Sentence Under First Step Act of 2018" (filing 75). The defendant's motion will be denied.

As relevant, the defendant was convicted in May 2018 of conspiracy to distribute or possess with intent to distribute both 50 grams or more of methamphetamine and a mixture or substance containing cocaine. Filing 69 at 1. The defendant faced a mandatory minimum sentence of 10 years' imprisonment on that count, and a Guidelines sentencing range of 235 to 293 months' imprisonment. Filing 65 at 18. After a substantial downward variance, he was sentenced to 192 months' imprisonment. Filing 69 at 2; filing 70 at 1.

The defendant seeks relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The First Step Act, § 404, gives retroactive effect to §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As relevant, those sections increased the amount of cocaine base needed to trigger higher mandatory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and 21 U.S.C. § 844. §§ 2-3, 124 Stat. 2372. The Fair Sentencing Act had the effect of reducing sentences for defendants convicted of certain offenses involving cocaine base.

But the only offenses covered by the First Step Act are those committed before the Fair Sentencing Act took effect—that is, those "committed before August 3, 2010." § 404(a), 132 Stat. 5194. And the defendant was sentenced in 2018 for an offense that began in 2014. Filing 23 at 1; filing 69. In addition, the defendant's sentencing range wasn't affected by the Fair Sentencing Act. He faced a mandatory minimum because of the quantity of methamphetamine involved, and the potential punishment for methamphetamine offenses wasn't changed by either the Fair Sentencing Act or the First Step Act. Nor was the potential term of imprisonment for an unspecified quantity of cocaine affected by either act.

In other words, the defendant was already sentenced under the Fair Sentencing Act of 2010, to the extent it was even relevant, and the First Step Act of 2018 provides him with no new relief. The law did not change for this defendant. Accordingly,

IT IS ORDERED that the defendant's motion to reduce sentence (filing 75) is denied.

Dated this 24th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -