IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3035 |
| vs. | ORDER |
| JAVIER REYNA, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (filing 79). The defendant's motion will be denied for failure to exhaust administrative remedies.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting administrative remedies) move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

But the initial barrier to the defendant's motion is exhaustion of administrative remedies: the Court may consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

§ 3582(c)(1)(A). That claim-processing rule is mandatory. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

In other words, the Court may consider the defendant's motion after either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden. § 3582(c)(1)(A). But neither condition is satisfied here: the defendant admits that his request wasn't presented to the warden of his institution. *See* filing 79 at 3. Accordingly, the Court will deny the defendant's motion, without prejudice, pending a showing that administrative remedies have been sufficiently exhausted as required by § 3582(c)(1)(A).

IT IS ORDERED that the defendant's motion to reduce sentence (filing 79) is denied without prejudice to reassertion subject to exhaustion of administrative remedies.

Dated this 30th day of January, 2023.

BY THE COURT:

John M. Gerrard
United States District Judge